**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| ALBERTO DOCOUTO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:13-cv-00711-GMN-VCF |
| v. ) | |
| ) | **O R D E R AND** |
| ) | **REPORT & RECOMMENDATION** |
| DAVID G. NANZ, ) | |
| ) | (Motion/Application to Proceed *In Forma* |
| ) | *Pauperis* #1 and Screen Complaint #1-1) |
| Defendant. ) | |

Before the court are plaintiff Alberto Docouto's Motion/Application to Proceed *In Forma Pauperis* (#1) and Complaint (#1-1).

**I.  *In Forma Pauperis* Application**

Plaintiff Alberto Docouto asserts in his motion/application that he is unemployed and does not receive supplemental income of any kind. (#1). Plaintiff also asserts that he is incarcerated and has insufficient funds in his prison account to pay the $350.00 filing fee. *Id.* Accordingly, plaintiffs' request to proceed *in forma pauperis* is granted pursuant to § 1915(a).

**II.  Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)

(internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of *a pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

### A.    Plaintiff's Allegations

Plaintiff states that his complaint is filed pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1331, and the "Tort Claim Act." (#1-1). Plaintiff asserts in the "Nature of the Case" section of his complaint that "petitioner assert[s] that the defendants conspirated (sic) to hiring and silents (sic) petitioner allegations in order to perform a confiscation procedure." *Id.* Plaintiff names FBI Special Agent David G. Nanz as the defendant, yet refers to a conspiracy between the "defendants." *Id.* Plaintiff asserts that his following civil rights were violated: (1) "whether FBI Special Agent David G. Nanz conspirated (sic) to schedule a confiscation procedure," (2) whether FBI Special Agent David G. Nanz intentionally hired petitioner documents," and (3) "whether the FBI Special Agents conspirated (sic) to performer (sic) a[n] illegal confiscation procedure." *Id.*

Immediately following each of plaintiff's causes of action, it states "Supporting Facts: See memorandum of law in support." *Id.* Plaintiff states in his request for relief that he is entitled to "re-establishment of all the properties confiscated by the government and compensation for damages and other (sic) set forth at petitioner memorandum of law in support." *Id.* Plaintiff did not attach a memorandum of law containing factual allegations to the complaint (#1-1) or file one separately in this action.

As plaintiff has not provided the court with "sufficient factual matter" supporting his claims or stated what civil rights the defendant violated under 42 U.S.C. § 1983, the complaint should be dismissed *without prejudice* for plaintiff to file an amended complaint curing such deficiencies. *See* 28 U.S.C. § 1915(e)(2); *Ashcroft,* 129 S.Ct. at 1949; *Cato*, 70 F.3d at 1106.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff Docouto's Motion/Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that plaintiff is permitted to maintain the action to conclusion without necessity of prepayment of any additional fees, costs, or security. This order granting *forma pauperis* status does not extend to the issuance of subpoenas at government expense.

## **RECOMMENDATION**

IT IS RECOMMENDED that the Clerk of Court be ordered to file the complaint (#1-1).

IT IS FURTHER RECOMMENDED that all of plaintiff's claims be DISMISSED *without prejudice,* for plaintiff to file an amended complaint curing the deficiencies within thirty (30) days from the entry of the District Judge's order addressing this Report & Recommendation.

## **NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and

. . .

. . .

. . .

. . .

3

brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 13th day of May, 2013.

                                            **CAM FERENBACH**
                                            **UNITED STATES MAGISTRATE JUDGE**